PONDER, Judge.
This is an action for damages resulting from an automobile collision. Plaintiff has appealed the dismissal of his suit.
The only issue is whether the finding of the trial court was manifestly erroneous.
We affirm.
Plaintiff was in a small foreign car. Defendants were the owner and insurer of a Chevrolet truck in which plaintiffs estranged wife was a passenger and of which his mother-in-law, Mrs. DeBlieux, was driver.
The evidence is in hopeless conflict. Plaintiff’s version is that Mrs. DeBlieux pulled into his lane of traffic and hit his vehicle head on. She then proceeded to push his vehicle back about 180 feet.
The version of Mrs. DeBlieux and of Mrs. Hingle is that plaintiff ran into their vehicle. They were travelling very slowly and admittedly not looking ahead just prior to the accident. Both indicated that when they turned to the front, plaintiff’s vehicle was right in front of them. After the vehicles bumped lightly and separated, the plaintiff then “geared down” and ran into the front of the truck. Mrs. DeBlieux then pushed the plaintiff’s car back some distance. She then drove off because she was afraid of plaintiff.
Only one disinterested witness testified about the accident. Mrs. Evelyn Smither did not actually see the impact, which occurred in front of her house. However, she looked out the window when she heard the noise and saw the DeBlieux vehicle pushing the plaintiff’s car backward. She was not able to say who was responsible for the collision.
The trial court accepted the testimony of Mrs. DeBlieux and her daughter as being true. Its determination of credibility should not be disturbed in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716 (1973). We can not say the judge so erred.
For the above reasons the judgment of the trial court is affirmed; plaintiff is cast with all costs.
AFFIRMED.